**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MALLORY LAWSON                                                                          PLAINTIFF

v.                                              4:22-cv-01079-LPR-JJV

ROBERT WAKEFIELD,
Administrator, Lonoke County Jail; *et al.*                                   DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky.   Any party may serve and file written objections to this Recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Mallory Lawson ("Plaintiff") is a pretrial detainee at the Lonoke County Detention Facility ("LCDF").   He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that while he was in a lockdown cell from October 27 to 31, 2022, Defendants Jail Administrator Robert Wakefield, Officer M. Dukes, and Deputy Bowers subjected him to inhumane conditions of confinement by forcing him to sleep on the floor in a cell covered in feces and without running water, failing to give him cleaning supplies, providing inadequate drinking water, and denying him showers.   (Doc. 5.)   I have previously issued an Amended and Substituted Partial Recommended Disposition suggesting all other claims be dismissed without prejudice for failing to state a claim

1

upon which relief may be granted.   (Doc. 12.)   And that Recommendation remains pending.

Defendants have filed a Motion for Summary Judgment arguing the remaining claim should be dismissed without prejudice because Plaintiff failed to properly exhaust his available administrative remedies.   (Docs. 21-23.)   Plaintiff has not filed a Response, and the time to do so has expired.   After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's claim against Defendants Wakefield, Dukes, and Bowers be DISMISSED without prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).   When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.   *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.   *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.   *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.   *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).   Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.   *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465

(8th Cir. 2010).

## III.    ANALYSIS

### A.    The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."    42 U.S.C. § 1997e(a).    The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.    *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).    Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."    *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.    *Id.*

### B.    LCDF's Exhaustion Policy

The LCDF's grievance policy says a detainee may write a grievance on a provided form, or on a piece of paper, and give it to any staff member.    (Doc. 23-4.)    Additionally, Jail Administrator Wakefield says in his sworn affidavit that detainees may file grievances through the electronic kiosk system, which is what Plaintiff has done numerous times.    (Docs. 23-1, 23-3.)

The policy says grievances "must clearly describe all facts and all requests." (Doc. 23-4 at 1.) But there is no requirement that the detainee specifically name the LCDC employee involved in the grieved matter or a deadline for when that grievance must be filed. (*Id.*) The Jail Administrator must respond to the grievance in writing within ten working days or within forty-eight hours if the grieved matter is an emergency. (*Id.* at 2.) Dissatisfied detainees may then appeal the Jail Administrator's decision, or lack thereof, to the Sheriff, who will renders a final written decision ending the grievance process. (*Id.*) Finally, the policy says if detainees fear filing a grievance with the Jail Administrator, they may send their grievances directly to the Sheriff, who enters a final written decision. (*Id.*)

### C.    Plaintiff's grievances

In his sworn affidavit, Jail Administrator Wakefield says he has produced all fifteen grievances Plaintiff has filed since arriving at the LCDF, but none of them mention the allegedly inhumane conditions he endured while in the lockdown cell. (Doc. 23-1.) My review of the provided grievance confirms that statement to be correct. (Doc. 23-3.) And Plaintiff has not offered any contrary evidence. Additionally, I note that on November 1, 2022, Plaintiff filed a grievance about his property that was allegedly stolen while he was in the lockdown cell, but he did not mention any of the inhumane conditions he allegedly endured as set forth in his Amended Complaint.[1] (*Id.* at 10-11.) Because Plaintiff did not raise those allegations in the LCDF's grievance procedure, I conclude he did not exhaust his administrative remedies. *See Muhammad v. Mayfield*, 933 F.3d 993, 1003 (8th Cir. 2019) (finding improper exhaustion when a prisoner's grievance did not raise the same claim made in his complaint in federal court); *Burns v. Eaton*,

---

[1] In the Amended and Substituted Partial Recommended Disposition, I suggested Plaintiff's properly claim be dismissed for failing to state a plausible § 1983 claim. (Doc. 12 at 3.)

752 F.3d 1136, 1141 (8th Cir. 2014) (finding improper exhaustion when the incarcerating facility was not asked to evaluate "the distinct § 1983 claims first asserted" in the lawsuit); *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143 (8th Cir. 2003) ("the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to <u>all</u> of the claims") (emphasis in the original).

However, that is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a). Administrative remedies are "available" if they are "capable of use for the accomplishment of a purpose." *Ross v. Blake,* 578 U.S. 632, 642 (2016). In contrast, administrative remedies are "unavailable" if: (1) the administrative process "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) the administrative process is "so opaque that it becomes, practically speaking, incapable of use," or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 642-44; *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

Plaintiff has not made any assertions regarding the first two types of unavailability. In the Amended Complaint, Plaintiff says: "We all put grievances in about the missing items but wasn't allowed to summit [sic] it cause the first grievance hadn't been answered yet and until they answer you're not allowed to summit [sic] another." (Doc. 5. at 5.) To the extent Plaintiff may be asserting here that he was thwarted from exhausting his available administrative remedies, I find no merit to that contention for the following reasons. First, the LCDF's grievance policy does not limit on the number of grievances a detainee may file or have pending. (Doc. 23-4.) Further, even if jail official had given Plaintiff that erroneous information, the provided records demonstrate Jail Administrator Wakefield responded to Plaintiff's grievance about his stolen

property on November 2, 2022.  (Doc.  23-3 at 10-11.)  There is no evidence that thereafter Plaintiff filed a grievance about the conditions of the lockdown cell.  And, as previously discussed, there is no time limit on when a grievance may be filed.  Accordingly, I conclude Plaintiff failed to properly exhaust his available administrative remedies.  *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process.   The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motion for Summary Judgment (Doc. 21) be GRANTED, Plaintiff's conditions of confinement claim against Defendants Wakefield, Dukes, and Bowers be DISMISSED without prejudice, and this case be CLOSED.

2.     It be certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal

from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 21st day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE